Good morning, Your Honor. Richard Aguida on behalf of the Plaintiff Appellant Kyle Johnson. I'd like to reserve two minutes for rebuttal. That's fine. Thank you. Your Honor, I want to address the recent order that the panel submitted to the parties on March 7th regarding the issue about the similarity in language between Section 17603 of the Business and Professions Code and paragraph 2 of subdivision A of section 17602. Before I go into the particulars, I believe Your Honors have raised an issue of statutory interpretation. And based on that order, what I did was do some research. And I think the authority from the Supreme Court, U.S. Supreme Court, is directly on point in terms of the statutory interpretation issue. First, I want to cite to the first, there's three Supreme Court decisions in the last 20 years that I think are highly relevant. The first is the Brown and Williamson, FDA v. Brown and Williamson Tobacco Corporation decision of the year 2000, 529 U.S. 120. It's a citation. There, Justice O'Connor, citing prior 1989 Supreme Court decisions, stated that it is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme. And also, that opinion is also instructive because it also pointed out that, quote, a court must therefore interpret the statute as a symmetrical and coherent regulatory scheme. And the court also noted that and fit, if possible, all parts into a harmonious whole. The next decision in 2007, Justice Souter authored Environmental Defense v. Duke Energy Corp. 549 U.S. 561. There, the Supreme Court stated that although we presume that the same term has the same meaning when it occurs here and there in a single statute, the court of appeals mischaracterized that presumption as effectively irrebuttable. We also understand that most words have different shades of meaning and consequently may be variously construed, not only when they occur in different statutes, but when used more than once in the same statute or even in the same section. Then Justice Souter made, I think, the key holding, which is to say, thus, the natural presumption that identical words used in different parts of the same act are intended to have the same meaning is not rigid and readily yields whenever there is such variation in the connection in which the words are used as reasonably to warrant the conclusion that they were employed in different parts of the act with different intent. So you said there were three cases, and you just alerted us to two. Yes. But where is this leading you to? Where are you going with this? Because the clock here is clicking down. We've already lost four minutes, almost four minutes. I think with the issue that the — well, let me fast-forward to the third most recent decision authored by Justice Scalia in the Utility Air Regulatory Group v. EPA, where Justice Scalia noted the conflict, basically, between this rebuttable presumption that similar statutes are to be read consistently and the countervailing rule of law, which is that the presumption of consistent usage readily yields to context. And that's where I want to go into the specifics about the statute, statutes that Your Honors have addressed in your recent order. So now applying that, applying those general precepts to the specifics of the particular statute at issue here. Your Honor, if you look at section 17603 carefully, you will notice that it all — it doesn't refer to paragraph 2 of subdivision A of section 17602. What it does is it refers to, generally, to section 17602. Your Honor, I submit that — It says, as described in. I mean, the thing that struck me was it says, without first obtaining the consumer's affirmative consent as described in section 17602. So when I look at section 17602 to see where this is described, the only thing I see is 17602a2, where that's where it's described. Right. Well, Your Honor, the thing is that if you look at 17602 itself, there are three specific examples where the legislature referenced either specific paragraphs or the actual — or an actual subdivision. For example, in subdivision B of section 17602, there's a reference to paragraph 3 of subdivision A. So that tells you that the legislature, they know how to — they intended to reference that as the intended meaning. So the fact — and also another example is in section — subdivision D of section 17602. If you look at paragraph 1, that references — of that subdivision D, that references paragraph 3 of subdivision A. So that's yet another example where the legislature deliberately referenced a specific paragraph number in order to differentiate it from any other — any other paragraph number within the — within the statute. And then, finally, in sub — in same subdivision, subdivision D, paragraph 2, there's a reference to subdivision C. So these are three examples in which the legislature specifically referenced either specific paragraph numbers or specific subdivision in reference to whatever — whatever the legislature was seeking to define. And in contrast, section 17603, all it does is reference, as described in, quote, section 17602, end quote. It doesn't reference paragraph 3 of — or — I'm sorry. It doesn't reference paragraph 2 of subdivision A of section 17602. So I think that's a — that's a huge or that's a very significant indication that the legislature — Robertson Let me ask you. Okay. All right. Let me ask you. Does your — does your whole claim turn or succeed or fail on the basis of 17603? Yang No. No. I mean, no. What's the basis for injury then? Because, I mean, we're looking here, we're at a — looking at whether there's an injury here. And I thought your whole claim for injury was that you — there was a procedural violation in the cancellation language, and you were injured because due to the procedural violation in the cancellation language, you should get the continued service for free. That was my understanding of your claim, and it was all turning on 17603. And so the interpretation of that is necessary to your case. Did I misunderstand that? Yang Well, Your Honor, our complaint also is not limited to seeking the relief under section 17603, the so-called unconditional gift provision. We're also seeking injunctive relief. And — Kagan But is there any injury? So we're here. Clearly, there was — let's say that we agree with you that there was a procedural violation in the cancellation, the description of the cancellation or how available that information was. What we have to say is that there was a — that procedural violation caused an injury. I think the district court's concern was that there was no allegation in the complaint that the charges — that there were charges because you didn't see that there was a cancellation provision so that you weren't injured because of the procedural violation. And as I read the complaint, the response to that was, well, we don't have to show an injury because we were entitled to a free gift and we should get reimbursement for the monies that were taken. Is that the theory of your complaint? Yang Your Honor, I disagree with that. Kagan So what is the theory of your complaint, then? So we know — so the only violations of the statute that you allege are cancellation — relating to the cancellation, the availability of it and how it's described. That was the only thing I saw in there. Yang Well, Your Honor, the — Kagan Is that true? Yes, no. Is there some other claim of violation that I should look at? Yang Well, the claim is brought under section — under paragraph 3 of — and both of those are just relating to cancellation. Yang Well, they relate to the — to the acknowledgement requirement that's put in the statute to ensure that consumers don't — you know, it's one thing to have consumers make a purchase based on their — based on their consent. I mean, if you go to a fast food restaurant and you make a purchase, you're consenting to — you're exchanging money in exchange for the product. Kagan But these are procedural violations. They aren't violations that relate to charging your card or taking money without permission. I mean, these are procedural. Alito I thought that was what your claim was all about, which was that you paid money. Yang Yes. Absolutely. Alito Without having the proper notice of cancellation. Yang That is correct, Your Honor. And let me — but let me also — Kagan But you paid money, but you're not claiming you were injured because you paid money. In other words, I guess my question is, you know, your complaint is consistent with a — with facts that said your client, Mr. Johnson, intended to keep the service. He liked the service. He intended to keep it. But he sees in this notice that there's a technical violation. He goes, aha, there's a technical violation. That means the service I get after the technical violation is free under 17603. So all of your claims of reimbursement have to do with the operation of 17603. Yang Your Honor, let me — let me just clarify something, because I've heard throughout this argument the reference — your reference to this being a procedural violation. Your Honor, I think that that is a — that I disagree with that characterization of any of these violations that are set forth within 17602, whether it's — whether it's under subdivision A, B, or C. If you intended to keep the service, is — is there any — anything other than a procedural violation? So if your client intended to keep the service, he liked the service, he didn't intend to cancel the service, is it anything other than a procedural violation? It is — Your Honor, it is — it is — it's a substantive violation. And this goes to — this goes to the line of case law that emanates from Spokio, the recent Supreme Court decision that a lot of — a lot of defendants have been raising as — as arguments in motions to dismiss. Your Honor, as you know, the Ninth Circuit itself recently revisited Spokio after the remand. What is the — what is the violation? What is the substantive harm? Well, there's — there's two types of harm. Economic injury. What's the economic injury here, then? The subscription payments that my — my client made to the — to the defendants. Did he say he would have canceled or he tried to cancel, but he couldn't find how, that he didn't want the service? I mean, I — that was what was missing. That's what the district court said was missing from the complaint, and I didn't see it either. Did he say he was injured because he didn't want the service, he wanted to cancel it, but they kept taking money out of his account without his knowledge? Well, the — I mean, the argument is that — But it's not in the complaint. Where is it in the complaint? Well, Your Honor, I mean, regardless — the — that — that issue deals with — that's a specific issue that is — is not a requirement of the — of the statute, Your Honor. Right. It's not a required element. What is clear is that — is that there's disclosure requirements, and, Your Honor, Judge Adelman has referenced or raised the issue about injury. The — other than economic injury, the other — other injury is an intangible injury, which is recognized under Article III of the Constitution, based on case law that we've seen, post-spokio, which is an intangible injury based on — it's called an informational injury. And there are numerous cases, both in the Ninth Circuit — So this is all about getting the FEC — you know, it's like a FOIA request. I want to have information about how the government operates, or I have entitled to this information. Is there anything even remotely close to this that they didn't — you had a procedural right to a particular sort of cancellation explanation and didn't get it? Well, I mean, Your Honor, I don't — I don't know if the FOIA comparison is directly on point. There was clear — the Supreme Court in spokio laid out two specific elements or requirements in terms of how to deal with intangible injuries, and in terms of the legislative history — I mean, in terms of the legislative intent and what the purpose of the — of passing the statute. And clearly, these are substantive violations, Your Honor. The California legislature decided in 2010 that there was a clear gap in the law, and that's set forth in the legislative history. The UCL and the false advertising law were deemed by the legislature to be insufficient to deal with this automatic renewal fact pattern that raised concerns with the legislature. And so they decided, based on the Supreme Court's two-factor test, I would submit that both of the elements of the spokio test have been met here in terms of why the substantive violations, and it's a — to me, it's a mischaracterization to view these as technical procedural violations. These are intended to protect substantive rights. And that's exactly what the legislature did in enacting this law. And so adding on additional elements to this statute contradict the legislature's intent. Okay. Why don't you save some time for rebuttal? Thank you. He's over time. Oh, he's over time. I'm sorry. I was looking at my — some notes. I'll give you a minute for rebuttal. Thank you. Good morning, Your Honors. John McMahon for Pluralsight, LLC. I think you're — that the order from the Court is dead on. I think the only way you can read Section 17603's reference to affirmative consent is with reference to the only place in 17602 where they say affirmative consent, which is in Subsection 2. I think maybe you could make an argument that Subsection A1 in there might — which speaks to conspicuous terms, that maybe that might have some impact on whether there had been affirmative consent or not, but that's — the allegations here were under A3 and B. Both of those subsections deal with after-the-fact, after-the-purchase. Let me ask you, how does 17603 fit into this whole scheme? That is, it looks like 17603 is a limitation on the rights of the seller. That's the way we've understood it. In other words, from what my understanding is — I mean, could he have stated a cause of action simply based on 1603? We don't believe so. You know, there have been some district courts that have suggested that that could be the case. In our opinion, yeah, it's designed for a situation — and it goes back to the Time Warner situation that the statute was sort of designed to remedy, where they were sending CDs out with a bill or charging the person, and the person didn't ask for them, and the legislature was saying, you can keep that, they can't bill you for it, they can't charge you for it. We've got a situation here where our — But what do you understand the gravamen of his complaint to be? That there was a bare procedural violation of the after-the-fact acknowledgement. Well, the complaint does talk about losses, economic losses. Well, it doesn't say anything other than to make a conclusion of an economic loss. I mean, there's a very low threshold — Well, why would they be complaining here? What is it that they're trying to do here? I understood the complaint to say that they wanted — they would have canceled if they had known how to cancel. Does it say that in the complaint? It doesn't say that anywhere in the complaint. But that's a fair reading of the complaint, isn't it? I — the judge, the district court judge gave them the opportunity to add that simple statement in there if they could truthfully add that, and they declined to do so. So I think in that sense, you have to read it as not being in there, you know, intentionally not in there. They asked for reimbursement, but the reimbursement was for amounts they paid, which they say should have been a free gift because of this cancellation language or because of this — this error. But they didn't say that they would have canceled or that the — otherwise. I mean, that's why I was concerned that it seemed perfectly consistent with saying I intended to keep the service, I had every intent to keep the service, but there was this violation. Yeah, I think there needs to be a very low threshold of standing that, you know, under Proposition 64 that there's been an injury, in fact, a loss of property or money that, you know, I didn't mean to buy this, I wanted to cancel, I couldn't figure it out, there's nowhere on their website. But if you meant to buy it and you were enjoying it and you just say, aha, then, you know, that's not an injury that's recognized under the California UCL. So what about the informational violation? I mean, as I read the informational violation cases, they all were more — I use it as a shorthand FOIA request, they were trying to get information about political parties, FEC information, things like that. Yeah, I'm not aware of a case similar to this on that regard. I would say even if there was, like, an informational damage alleged, you'd have to show a loss of property or money, and they failed to do that. I think that the recent district court cases, and I think the statute is pretty clear that there's no standing to sue directly under the statute, so they have to meet UCL standing requirements that have to show a loss of money or property, and without something more than just a bare, I didn't get the notice that I was supposed to get, then that doesn't qualify. Arguably, if they could allege 17603, that might qualify, but they're alleging the after-the-fact notice problem instead of a before-the-fact, which gets them into 17603. So if you read the complaint, I mean, here's what struck me. So if you go to paragraph 19 of the complaint, it talks about moreover, defendant failed to provide plaintiff and class members with an acknowledgment regarding how to cancel the subscription and allow plaintiff and class members to cancel before payment. So the notice was faulty under the statute. And they wouldn't have paid. As I understand it, they wouldn't have paid. Where does it say that? This is before payment. And then if you read the prayer for relief, it says that the court award to plaintiff and class members damages in full restitution in the amount of the subscription payments made by them pursuant to California 17603 in an amount to be proved at trial. They're asking for their money back. The district court's opinion or order, I'm sorry, specifically states that the court, you know, without, well, the court took exception to 17603 because it applied to, didn't apply to services. But moving aside to that, they said in the order, I'm sorry, this is your order. I can find it. But the specific, I don't have the specific words, but to the effect that, you know, they needed to say that next step. They needed to say I didn't, I wanted to cancel, but for this lack of information I would have canceled. That sort of causation. And then in paragraph 24, when he's talking about the class allegations, the losses to each member of the class were caused directly by plaintiff's wrongful conduct as alleged herein. And I mean that to be the payment of money. I would submit that's just a conclusion of a loss. There's not an actual statement anywhere of I lost money because I wanted to cancel. Can we infer that or not? I don't think it can be inferred. And I would point out, again, the district court judge said I'm giving you leave to amend just to say the simple things. And counsel didn't take the opportunity to do that. And I think that needs to be understood is counsel couldn't truthfully say that. So the loss, as I read the complaint, was they should have gotten the services as a free gift and they didn't. And so they should be reimbursed for the amounts they paid.  It's sort of tricky. And so that would require 17603 to be applicable here. And so is there a way, I guess, a way that they can rely on 17603 even if they don't say I intended to cancel and I made payments even after I wanted to cancel but couldn't? I think to qualify for 17603, they would have to have made a statement of a violation of 17602A2, possibly A1, but the only two that they alleged were A3 and B, which are sort of the after fact information after you've been charged. So, I mean, I think the legislature did that on purpose because they didn't think it would make sense that if I agreed to buy something, now I get it for free. But they were saying their concern is an ongoing basis that after you've been charged and you've bought this thing that you're going to notice saying, hey, we're going to charge you again next month, here's how you cancel, et cetera. Anything else? No, I'm done. Thank you. Okay. Thank you, Your Honor. First of all, I want to point out that it's not just 17603 that's at issue. The actual provision that allows civil remedies is in Section 17604. And if you look at 17604, that allows for all available civil remedies that apply to a violation of this article may be employed. So that begs the question, what is — which article are we talking about? We're talking about Article 9. Article 9 includes 17 — Section 17535 of the Business and Professions Code. So that still says, or which may be necessary to restore to any person in interest any money or property acquired by an unlawful practice. So what was the — so according to — as I read the complaint, the interest in money or property was the failure to get the services for free. Did I read — am I reading that correctly? Well, Your Honor, I mean, as I said before, it's a — Informational. Right. Informational injury. The fundamental — the fundamental wrongdoing that the legislature intended to thwart or to prevent from occurring in the future is this notion of a failure to disclose. It's an informational injury because the disclosures were intended to be — were supposed to be provided. And the Supreme Court and the lower courts — lower Federal courts have recognized the concept of informational injuries. But what about the failure to get things for free? Is that — is that your — is that your claim or not? Is that — Well, that's just one part. That's actually a — I would submit is a minor part, because, Your Honor, you'll notice that we also pled a UCL claim, an unfair competition law claim. And the California Supreme Court has made it very, very clear that regardless of whether my client is entitled to restitution, whether it's — whether you call it a — whether you call it a gift or not, that the — that the primary relief under the UCL is injunctive relief. And so, Your Honor, we submit we're entitled to — regardless of — regardless of whether 17603 existed or not, we're — my client is entitled to injunctive relief under Section 535 of the Business and Professions Code. And — That's it. You're finished. Okay. Thank you, Your Honor.
judges: Paez, Ikuta, Adelman